**Daniel Snyder, OSB No. 78385**
dansnyder@lawofficeofdanielsnyder.com
**Paul Bastian, OSB No. 062706**
paul@lawofficeofdanielsnyder.com
**LAW OFFICES OF DANIEL SNYDER**
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249
    Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **TONI VAN WIERINGEN and KEVIN VAN WIERINGEN,**<br><br>PLAINTIFFS,<br><br>v.<br><br>**CITY OF GRESHAM,**<br><br>DEFENDANT. | Case No.<br><br>**COMPLAINT**<br>(Title II of the ADA, § 504 of the Rehabilitation Act of 1973; pendant state claim)<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs bring this cause of action against Defendant and allege as follows:

### I. NATURE OF THE ACTION

1.    This lawsuit is an action for damages, including compensatory damages, equitable relief, including injunctive and declaratory relief, and attorney fees and costs, to redress violations of Title II of the Americans With Disabilities Act, 42 USC § 12131 *et seq*. and

PAGE 1 – COMPLAINT AND DEMAND FOR JURY TRIAL

violations of § 504 of the Rehabilitation Act of 1973, as amended, 29 USC § 701 *et seq*. and for a pendent Oregon statutory claim for Public Accommodations discrimination.

2. Defendant failed to provide adequate access to other auxiliary aids and services necessary to accommodate Plaintiffs in connection with an incident on September 23, 2023, the City of Gresham's police department responded to concerning three d/Deaf people and one Deaf and Blind person, described by Defendant City of Gresham's Police Department Case No. 23-38488.

3. The Defendant failed to assess the Plaintiffs' need for accommodations and did not provide necessary accommodations. Defendant denied the Plaintiffs adequate and equally effective means to communicate.

4. All acts of the police officers employed by the City of Gresham Police Department were within the course and scope of their employment with the City of Gresham.

5. As a result of Defendant's discriminatory conduct, acts, policies, and practices, Defendant has denied Plaintiffs accommodations for their disability.

## II. JURISDICTION

6. This Court has subject matter jurisdiction under 28 USC § 1331 (Federal Question).

7. Venue is proper in this Judicial District pursuant to 28 USC § 1391(b) because the claim or a substantial part of the events giving rise to the claims herein occurred or arose in this Judicial District.

8. On or about March 19, 2024, Plaintiffs, through counsel, mailed notice of tort claim to Marlee Smith-Janney, Risk Manager, Defendant City of Gresham. On March 20, 2024, Defendant City of Gresham's insurance company acknowledged notice of tort claims.

PAGE 2 – COMPLAINT AND DEMAND FOR JURY TRIAL

### III. PARTIES

9. The Plaintiffs are husband and wife. Plaintiffs are citizens of the United States of America.

10. On September 23, 2023, Kevin Van Wieringen was 66 years old and was a protected elderly person as defined under Oregon law, which prohibits elder abuse.

11. Plaintiffs are both qualified individuals with disabilities. Plaintiffs are both profoundly deaf. Plaintiffs have both been deaf their entire lives. Plaintiffs are also both culturally d/Deaf.

12. Both Plaintiffs are non-English-speaking persons. Plaintiffs do not speak English because they cannot and do not speak.

13. The primary language of both Plaintiffs is American Sign Language (ASL). Plaintiffs use ASL to communicate with other d/Deaf people. ASL is not a form of English. The signs of ASL is not English. ASL is an entirely separate, natural language with the same linguistic properties as the spoken languages but with grammar that differs from English. ASL is expressed by movements of the hands and face. ASL is descended from but differs from Old French Sign Language (VLSF), the sign language of the Deaf in Paris. ASL was brought to America by Thomas Hopkins Gallaudet to educate American d/Deaf students. ASL is a complete, complex language that employs signs made with the hands and other movements, including facial expressions and postures of the body. It is a language distinct from English. It is not simply English in hand signals. ASL has its vocabulary and rules for grammar and syntax.

14. Plaintiffs also rely on ASL to communicate with hearing persons who are not proficient in ASL. Plaintiffs require the assistance of a qualified ASL interpreter to allow them to

PAGE 3 – COMPLAINT AND DEMAND FOR JURY TRIAL

**LAW OFFICES OF DANIEL SNYDER**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

communicate effectively in person and telephone communications with hearing persons who do not know ASL.

15.     The Defendant, City of Gresham, is a public entity under the Americans With Disabilities Act. Said Defendant receives federal funding and is subject to § 504 of the Rehabilitation Act of 1973.

### IV. GENERAL FACTUAL ALLEGATIONS

16.     For d/Deaf ("Deaf") or Hard of Hearing individuals who rely on ASL as their primary form of communication, the use of a qualified ASL interpreter is necessary to ensure effective communication between a Deaf or Hard of Hearing individual and an individual who does not use ASL to communicate.

17.     Providing a qualified in-person ASL interpreter for Deaf individuals is necessary for effective communication.

18.     Lip reading usually does not provide effective communication accommodation for a Deaf individual and is generally far less effective than written communication. It is challenging for Deaf people to lip-read English because only a tiny fraction of the sounds used in the English language are visible in the mouth, and many visible sounds look identical on the lips. In addition to these difficulties in lip reading, the ability to accurately lip read is affected by the speaker's facial bone structure, facial musculature, facial hair, lighting, and other external factors. Moreover, even if an ASL user could identify the sounds appearing on a speaker's lips, for the above reason, they would not necessarily understand the English language or the vocabulary the speaker was using.

19.     Deaf people, in general, tend to avoid attempting to "voice" English to communicate with hearing people. Because most deaf people have never "heard" English, it is

PAGE 4 – COMPLAINT AND DEMAND FOR JURY TRIAL

**LAW OFFICES OF DANIEL SNYDER**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

difficult to form words that are intelligible to hearing people. The expectation by hearing people that deaf people should use their "voice" to communicate with hearing people is degrading and embarrassing to deaf people.

20. In summary, providing in-person qualified sign language interpreter services to Deaf individuals is the necessary and preferred auxiliary aid to allow Deaf individuals who use ASL to effectively communicate with hearing people.

21. At all times material herein, Plaintiff Toni Van Wieringen and Stephanie Peer were friends. Toni Van Wieringen assisted Ms. Peer with daily living activities, such as providing her with transportation, assisting with grocery shopping, and completing other chores that challenged Peer due to her multiple disabilities.

22. Stephanie Peer is a person with multiple disabilities. Stephanie Peer is a Deaf and Blind (Deaf/Blind) person. Ms. Peer communicates with others through ASL, tactile sign language (TSL), and other auxiliary aids. TSL is different from visual sign languages like ASL or LSF. TSL is a form of communication that uses touch to convey meaning to people who are deaf and blind. In TSL signing, the signer is in physical contact with the deaf and blind person. In TSL, a person places their hands over another person's body to communicate the signs through touch and movement.

23. Ms. Peer was formerly in a domestic relationship with Michael Bailey. In September 2023, Michael Bailey was not living with Stephanie Peer. To the Plaintiffs' best knowledge, as of September 2023, Bailey was a person without a home.

24. On September 21, 2023, Stephanie Peer called Toni Van Wieringen and signed to her "I need help. Michael Bailey hurt me and will not leave my apartment." Toni Van Wieringen

PAGE 5 – COMPLAINT AND DEMAND FOR JURY TRIAL

LAW OFFICES OF DANIEL SNYDER
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

typed a response to Ms. Peer that she would help Ms. Peer. Toni Van Wieringen brought Ms. Peer to the Van Wieringen home to stay there for the next two days.

25.  On September 23, 2023, Plaintiff Toni Van Wieringen was out driving her car with Stephanie Peer as a passenger. Ms. Peer asked Toni Van Wieringen to stop the car so Ms. Peer could use the restroom. Ms. Van Wieringen stopped at Dawson Park, a location with a public restroom. They unexpectedly saw that Michael Bailey was at the park. Michael Bailey got into an argument with Ms. Peer. Ms. Peer returned to Toni Van Wieringen. Michael Bailey followed Ms. Peer, then hit Toni Van Wieringen, knocking off her eyeglasses. Ms. Peer and Ms. Van Wieringen drove off.

26.  After Mr. Bailey assaulted Toni Van Wieringen, Plaintiff Toni Van Wieringen and Ms. Peer went to Ms. Peer's apartment building located at 4777 SW 11th Street in Gresham, Oregon. Ms. Peer's home, Apartment 421, was located on the second floor of the building. Ms. Van Wieringen and Ms. Peer went into Ms. Peer's apartment. While there, Ms. Van Wieringen learned that Mr. Bailey had also punched a female guest who was staying with Ms. Peer and confiscated the guest's key to the apartment.

27.  Toni Van Wieringen called Stephanie Peer's mother and reported that Michael Bailey had been physically abusing Stephanie Peer. Stephanie Peer's mother requested that Plaintiff Toni Van Wieringen call the police.

28.  On September 23, 2023, Plaintiff Toni Van Wieringen used Sorenson, a video relay system for the Deaf, to call the 911 emergency line requesting police assistance. Plaintiff Toni Van Wieringen also called her spouse, Kevin Van Wieringen, and asked him to come to Ms. Peer's apartment.

PAGE 6 – COMPLAINT AND DEMAND FOR JURY TRIAL

LAW OFFICES OF DANIEL SNYDER
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

29. On September 23, 2023, Michael Bailey entered Stephanie Peer's apartment. Mr. Bailey assaulted Toni Van Wieringen a second time, shoving her. As Plaintiff Kevin Van Wieringen arrived at Stephanie Peer's apartment, he saw Mr. Bailey shoving his Toni Van Wieringen. Plaintiff Kevin Van Wieringen stepped between Mr. Bailey and Toni Van Wieringen to protect Toni Van Wieringen. Mr. Bailey then shoved, slapped, and hit Kevin Van Wieringen. Kevin Van Wieringen grabbed Mr. Bailey and held him to stop his assaults and to restrain him while waiting for the police to arrive. As Kevin Van Wieringen held Mr. Bailey, a second male, a person who came to the apartment with Mr. Bailey, assaulted Kevin Van Wieringen. While Kevin Van Wieringen held Mr. Bailey, the second male friend attacked Kevin Van Wieringen. Kevin Van Wieringen lost his restraint hold of Mr. Bailey. Mr. Bailey then resumed slapping and shoving Kevin Van Wieringen. Mr. Bailey attempted to push Kevin Van Wieringen down the stairs of the apartment building.

30. Defendant City of Gresham denied both Plaintiffs the ability to report assaults and batteries on them by Michael Bailey and elder abuse by Michael Bailey on Kevin Van Wieringen. On September 23, 2023, multiple police officers employed by the City of Gresham Police Department responded to the 911 emergency call. The City of Gresham Police Department assigned Case No. 23-38488 to the officers' response. Although Defendant, City of Gresham, must have known that Deaf victims and witnesses were involved in the call, the police did not bring an ASL interpreter to the location.

31. The officers who responded to the car did not identify themselves by name to the plaintiffs. According to the City of Gresham police report of the call, two Gresham police officers, Matthew Shane Holmes and Tianna R. Ybarra, responded to the call. Both Plaintiffs recall three officers being present at the incident.

PAGE 7 – COMPLAINT AND DEMAND FOR JURY TRIAL

32. Defendant failed to provide a certified ASL interpreter to Plaintiffs. Without such an interpreter, they could not effectively communicate to the police officers about the crimes that Michael Bailey had committed against them. The Plaintiffs were denied meaningful access to the services of reporting crimes on them because of their disability.

33. Plaintiff Toni Van Wieringen wrote a note to one of the officers. Toni Van Wieringen requested that the officer provide her with an in-person interpreter. The officer read the note but ignored Plaintiff Toni Van Wieringen's request for an in-person interpreter.

34. An officer pulled out his mobile telephone, appeared to make a call, and then briefly displayed the screen of the telephone to the four disabled people at the apartment. The officer rapidly moved his mobile telephone from person to person present at the location. Plaintiffs briefly saw the screen. They also saw the officer briefly show Stephanie Peer and Michael Bailey the telephone screen. Although Toni and Kevin Van Wieringen briefly saw the screen of the telephone and could see the image of a person signing in ASL on the screen of the mobile telephone, they could not clearly understand what the person on the screen was signing because the officer's telephone was as a standard size telephone with a small screen and the officer kept moving the mobile telephone from person to person.

35. As Toni and Kevin Van Wieringen struggled to see the ASL interpreter on the officer's mobile telephone, they observed that Michael Bailey signed to the interpreter that he was married to Ms. Peer. Plaintiff Toni Van Wieringen signed to Ms. Peer what Mr. Bailey was signing to the ASL interpreter on the screen. Ms. Peer frantically signed that she and Mr. Bailey were not married and she needed help.

36. The Gresham police officers not only failed to accommodate the Plaintiffs, but they also failed to resolve the incident. The officers failed to arrest Mr. Bailey, the perpetrator of

PAGE 8 – COMPLAINT AND DEMAND FOR JURY TRIAL

**LAW OFFICES OF DANIEL SNYDER**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

multiple assaults and batteries against both Plaintiffs and Ms. Peer. Furthermore, Mr. Bailey had also abused Kevin Van Wieringen, an elderly person, which is a separate violation of Oregon law.

37. At least one of the officers, Officer Holmes, prepared a police report for this incident. Holmes made false entries in the report concerning the City of Gresham's response to the call. In his report, Holmes claimed everyone declined to have an arrest made. Neither Toni nor Kevin Van Wieringen told Officers Holmes and Ybarra that they did not want Mr. Bailey arrested. Furthermore, since the police officers did not provide an in-person tactile interpreter, they could not know Ms. Peer's wishes. Since the officers could not communicate with Ms. Peer using a mobile telephone, she could not have knowingly declined to have Mr. Bailey arrested.

## VI. CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF

**(Americans with Disabilities Act – Title II: 42 USC §12131 et seq.)**

38. Plaintiffs re-alleges all relevant prior paragraphs.

39. At all times material, Defendant City of Gresham was and is a public entity for, and subject to, the Americans with Disabilities Act (ADA). Defendants each provide public services.

40. Plaintiffs have physical impairments that substantially limit one or more major life activities. Plaintiffs have been deaf since birth. Plaintiffs are qualified individuals with a disability under the ADA.

41. At all relevant times, Defendant City of Gresham was aware of Plaintiffs' physical disabilities, namely that Plaintiffs were deaf.

PAGE 9 – COMPLAINT AND DEMAND FOR JURY TRIAL

LAW OFFICES OF DANIEL SNYDER
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

42. Defendant City of Gresham discriminated against Plaintiffs by excluding them from or denying them an equally effective opportunity to participate in or receive the benefits of Defendant's services, programs, or activities.

43. Defendant City of Gresham denied Plaintiffs the benefits of Defendants' services and programs by failing to comply with 28 CFR § 35.107 and 28 CFR § 35.106, which require public entities to designate and provide notice of a responsible employee to coordinate efforts to comply with and carryout responsibilities of Title II of the ADA.

44. Defendant City of Gresham denied Plaintiffs the benefits of Defendant's services and programs by failing to provide adequate communication services through a qualified American Sign Language interpreter in a manner that they could see and understand.

45. Defendant City of Gresham knew that the Plaintiffs needed an interpreter as an auxiliary aid for communication, disregarded Plaintiffs' request without making an effort to determine if it was possible to accommodate their request, and failed to provide adequate auxiliary aid in place of a qualified in-person interpreter during law enforcement encounters with Plaintiffs.

46. The Defendant's actions constitute discrimination under Title II of the ADA.

47. As a result of Defendant's unlawful actions, Plaintiffs suffered and continue to suffer humiliation, anxiety, distress, and impairment of their personal dignity and right to be free from discrimination or interference with their statutory rights.

## SECOND CLAIM FOR RELIEF

### (§ 504 of the Rehabilitation Act of 1973)

48. Plaintiffs re-alleges all relevant paragraphs as though fully set forth herein.

PAGE 10 – COMPLAINT AND DEMAND FOR JURY TRIAL

**LAW OFFICES OF DANIEL SNYDER**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

49. Plaintiffs are qualified individuals with a disability or handicap under the Rehabilitation Act.

50. Plaintiffs were otherwise qualified to benefit from the services made available by Defendant to hearing persons.

51. At all times material, Defendant was and is a recipient of federal financial assistance for its programs and activities.

52. Defendant's actions and omissions, as described above, violated Plaintiffs' rights under the Rehabilitation Act by excluding them or denying them the benefits of Defendant's services solely because of their disability.

53. The Defendant's conduct showed deliberate indifference to the Plaintiffs' rights.

54. Plaintiffs sustained emotional distress and damages due to Defendant's violation of the Rehabilitation Act.

55. Pursuant to § 505 of the Rehabilitation Act, Plaintiffs are entitled to compensation for their damages and an award of attorney fees and costs.

## THIRD CLAIM FOR RELIEF

### (ORS 659A.142 and ORS 659A.143)

56. Plaintiffs re-alleges all relevant paragraphs as though fully set forth herein.

57. Defendant City of Gresham is a "place of public accommodation" as that term is defined in ORS 659A.142 and ORS 659A.143.

58. Each of the Plaintiffs is a "disabled person" as defined at ORS 659A.104(1).

59. At all relevant times, Defendant was aware of Plaintiffs' disabilities.

60. Defendant discriminated against Plaintiffs as alleged above.

PAGE 11 – COMPLAINT AND DEMAND FOR JURY TRIAL

**LAW OFFICES OF DANIEL SNYDER**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

61.     Plaintiffs are entitled to injunctive relief, including, but not limited to, an order prohibiting Defendant's continued discrimination against people with disabilities and an order mandating full compliance with ORS 659A.142 and ORS 659A.143.

62.     Plaintiffs are entitled to a declaration that the Defendant violated ORS 659A.142 and ORS 659A.143.

63.     Pursuant to ORS 659A.885 and ORS 20.107, Plaintiffs are entitled to an award of attorney's fees, costs, and disbursements.

## VII. PRAYER FOR RELIEF

Plaintiffs seek judgment against Defendant and request that this Court enter an Order as follows:

A.     Accepting jurisdiction of this case and declaring that Defendant violated Title II of the ADA;

B.     Accepting jurisdiction of this case and declaring that Defendant violated § 504 of the Rehabilitation Act of 1973;

C.     Injunctive and other equitable relief as the Court deems appropriate, including, but not limited to, an Order requiring Defendant to provide in-person qualified American Sign Language interpreters and auxiliary aids to Deaf people and ASL touch interpreters for Deaf/Blind people who encounter the police, to establish policies to accommodate Deaf people, and requiring Defendant to appoint and train ADA coordinators and to make the existence of the coordinator or coordinators, and a process to follow to contact the coordinator, known to people with Disabilities;

PAGE 12 – COMPLAINT AND DEMAND FOR JURY TRIAL

**LAW OFFICES OF DANIEL SNYDER**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

D.       To require Defendant to establish a policy and procedure for ensuring Deaf and Deaf/Blind witnesses to crimes will have access to in-person ASL interpreters and ASL touch interpreters;

E.       A sum which will fully compensate Plaintiffs for their noneconomic damages in a sum that is just as determined by a jury;

F.       A sum which will fully compensate Plaintiffs for their economic damages in a sum that is just as determined by a jury;

G.       Plaintiffs' costs and disbursements incurred herein;

H.       Plaintiffs' attorneys' fees; and

I.       For such other and further relief as the Court may deem just and equitable.

**Plaintiffs demand a trial by Jury.**

DATED: August 22, 2024

**LAW OFFICES OF DANIEL SNYDER**

*/s/ Daniel Snyder*
Daniel Snyder, OSB No. 78385
dansnyder@lawofficeofdanielsnyder.com
Paul Bastian, OSB No. 062706
paul@lawofficeofdanielsnyder.com
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249
         Attorneys for Plaintiff

PAGE 13 – COMPLAINT AND DEMAND FOR JURY TRIAL

**LAW OFFICES OF DANIEL SNYDER**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249